USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/2021

# Michael Faillace & Associa

Employment and Litigation Attorney

60 East 42nd Street, Suite 4510
New York, New York 10165

woates@faillacelaw.com

May 18, 2021

**VIA ECF**

Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Alfredo Hernandez Ramirez, et al v. 35 Bakery Café Corp., et al
     Docket No.: 21-cv-00458 (AT)

Your Honor:

  Our office represents Plaintiffs Alfredo Hernandez Ramirez and Lizabeth Huertas Ramirez ("Plaintiffs") in the above-referenced matter. I write, pursuant to Rule III(A)(i) of Your Honor's Individual Rules, to respectfully request a pre-motion conference for Plaintiff's anticipated motion for leave to file a Second Amended Complaint. Further, Plaintiffs respectfully request the Court to adjourn the initial conference, which is currently scheduled for May 25, 2021 at 12:40 p.m., since Defendants have not responded to the First Amended Complaint and counsel has not appeared on their behalf.

  Plaintiffs seeks leave of Court to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and 21 in order to remove two named Defendants, i.e., 35 Bakery Café Corp. (d/b/a The Bread Factory Café) and James Nicozsis, and to name AA BC Bakery Café Corp. (d/b/a The Bread Factory Café) as a Defendant.

<u>Legal Standard</u>

  Leave to amend a complaint should be "freely give[n]." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should not deny a motion to amend unless there is evidence of undue delay, undue prejudice to the defendant, bad faith, or the proposed amendment would be futile. *Foman*, 371 U.S. at 182; *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

  Where a proposed amendment seeks to add or remove parties, Fed. R. Civ. P. 21 applies. Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." To determine whether terms are "just" under Rule 21, courts "apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Bridgeport Music,*

*Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).

Plaintiffs have satisfied the criteria under Fed. R. Civ. P. 15(a)(2) and 21 to amend the First Amended Complaint to remove two named defendants and to add a corporate defendant. Defendants would not be unduly prejudiced by the amendment of the complaint since Plaintiffs are seeking to remove two named Defendants from the caption and Defendants have yet to respond to the First Amended Complaint or otherwise appear in this action. In addition, Plaintiffs are acting in good faith in seeking leave to file a Second Amended Complaint by naming the proper parties based on information they now possess of which they were previously unaware. Finally, amendment of the First Amended Complaint would not be futile.

For the reasons stated above, Plaintiffs respectfully request a pre-motion conference for Plaintiffs' anticipated motion for leave to file a Second Amended Complaint and that the Court adjourn the initial conference herein.

Plaintiffs thank the Court for its time and consideration of this matter.

Respectfully Submitted,

*/s/ William K. Oates*
William K. Oates Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
*Attorneys for Plaintiffs*

GRANTED. By June 1, 2021, Plaintiffs shall file a second amended complaint. The initial pretrial conference scheduled for May 25, 2021, is ADJOURNED to **June 24, 2021**, at **10:20 a.m**. By **June 17, 2021**, the parties shall file their joint letter and proposed case management plan.

SO ORDERED.

Dated: May 21, 2021
      New York, New York

**ANALISA TORRES**
United States District Judge