UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALFREDO HERNANDEZ RAMIREZ and
LIZBETH HUERTAS RAMIREZ,

                Plaintiffs,

-against-

AA BC BAKERY CAFE CORP. (D/B/A THE
BREAD FACTORY CAFÉ), CHRISTINE PAE,
P. PAE, and ALBERT PAE,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/24/2022_

21 Civ. 458 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiffs Alfredo Hernandez Ramirez and Lizbeth Huertas Ramirez bring this action against Defendants AA BC Bakery Café Corp., James Nicozisis, Christine Pae, Bobby Doe, and Albert Pae, raising claims for, *inter alia*, minimum wage violations and unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and parallel claims, as well as wage notice and wage statement violations under the New York Labor Law ("NYLL") § 190 *et seq.* *See generally* Second Am. Compl., ECF No. 38. Having reached a settlement (the "Settlement"), ECF No. 66-1, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 66. For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

    I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(b). Significantly,

"[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks*, 796 F.3d at 206.

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on

the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

   II.   Analysis

The Settlement provides Plaintiffs with a recovery of $40,000, inclusive of attorneys' fees and costs. Settlement ¶ 3; *see also* Letter at 2. Plaintiff's counsel estimates that Plaintiff's maximum recovery for damages is approximately $87,027.43, including liquidated damages, and statutory penalties. Letter at 2; ECF No. 66-2. Thus, the settlement amount reflects approximately 46% of Plaintiffs' best-case recovery scenario. The parties note that continued litigation would be a significant burden for both parties, in light of the "sharply contested factual and legal disputes" at the heart of Plaintiffs' claims. Letter at 2. And, because of the COVID-19 pandemic, Defendants have limited financial resources, which decreases the likelihood of Plaintiffs' ability to "enforce a large judgment against Defendants and collect it in full" even if the matter did advance to trial. *Id.*

Further, the Settlement was reached during Court-annexed mediation, with both sides represented by experienced counsel. *Id.* at 1. The parties state that there is no possibility of fraud or collusion during the settlement process. *Id.* at 1. And, although the Settlement includes a non-disparagement clause, *see* Settlement ¶ 8, the clause binds both Plaintiffs and Defendants, and includes carve-outs for the parties to "communicate truthfully regarding their experience during the [l]itigation, including with respect to the claims and defenses asserted" therein, and to

respond to any "legal mandate" including subpoenas and court orders, *id*. *Cf. Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 178, 180 n.65 (S.D.N.Y. Mar. 30, 2015) (declining to approve FLSA settlement that "would bar plaintiffs from openly discussing their experiences litigating this . . . case" and noting that such non-disparagement clauses "must include a carve-out for truthful statements about plaintiffs' experience litigating their case."). The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

However, the Settlement contains a liability release clause only as to Defendants, which the Court finds overly broad in two aspects: first, it binds not only Plaintiffs, but also, *inter alia*, "their heirs, beneficiaries, estate, executors, administrators, trustees, [and] agents;" and second, it releases an impermissibly large number of entities from liability, beyond just Defendants. *See* Settlement ¶ 5. Although the release clause is limited only to "any and all wage and hour and record-keeping actions," including, *inter alia*, "claims under the Fair Labor Standards Act [and] the New York Labor Law," *id.*, "when combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff[s] [and numerous other individuals] ha[ve] against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019). And, Plaintiffs are afforded no releases from liability whatsoever. *See generally* Settlement. The Court cannot, accordingly, conclude that the Settlement's release clause is "fair and reasonable" under *Cheeks* and shall not, therefore, approve it.

## CONCLUSION

For the foregoing reasons, the parties' request for approval of the Settlement is DENIED without prejudice to refiling a revised settlement agreement that narrows the release provision

(1) so as not to confer an unearned benefit on entities or individuals beyond the parties herein, and; (2) so as to limit the release to only claims arising out of the same facts that gave rise to the claims advanced in this action.  By **June 7, 2022**, the parties shall file a revised settlement agreement.

    SO ORDERED.

Dated: May 24, 2022
       New York, New York

                                            ANALISA TORRES
                                         United States District Judge