**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALFREDO HERNANDEZ RAMIREZ and
LIZBETH HUERTAS RAMIREZ,
*individually and on behalf of others similarly
situated,*

       *Plaintiffs*,

   -against-

AA BC BAKERY CAFÉ CORP.  (D/B/A THE
BREAD FACTORY CAFÉ), CHRISTINE
PAE, BOBBY P. PAE, and ALBERT PAE,

       *Defendants*.

Docket No.: 21-cv-00458 (AT)

**SETTLEMENT AGREEMENT
AND RELEASE**

---

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs, Alfredo Hernandez Ramirez and Lizbeth Huertas Ramirez ("Plaintiffs"), on the one hand, and Defendants, AA BC Bakery Café Corp. (d/b/a The Bread Factory Café) ("Corporate Defendant"), Christine Pae, Bobby P. Pae, and Albert Pae ("Individual Defendants") (collectively, "Defendants"), on the other hand.

    **WHEREAS**, Plaintiffs allege that they worked for Defendants as employees; and

    **WHEREAS**, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No.: 21-cv-00458 (AT) (hereinafter "the Litigation" or "Action"), alleging, *inter alia*, a violation of federal and state wage and hour laws; and

    **WHEREAS**, Defendants deny any violation of federal and state wage and hour laws; and

    **WHEREAS**, Plaintiffs and Defendants desire to resolve all disputes between them without the necessity of further litigation.

    **NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1.  <u>Preliminary Matters</u>.  Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including William K. Oates, Esq. of CSM Legal, P.C. ("Plaintiffs' Counsel"), and/or other advisors of their own choosing in order to obtain

advice with respect to the terms of this Agreement. Plaintiffs and Defendants participated in lengthy settlement discussions, including Court-annexed mediation. Plaintiffs acknowledge that it is their choice to waive any potential wage and hour claims against Defendants in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they fully understand the terms of this Agreement, and that they are signing this Agreement voluntarily. By signing below, Plaintiffs represent that their primary language is Spanish; that Plaintiffs' counsel has reviewed all terms of this Agreement with Plaintiffs in Spanish; and that Plaintiffs fully understand all terms of this Agreement and voluntarily accept them. Given the promises and consideration set forth in this Agreement, Plaintiffs represent and warrant that they now have been properly paid for all time worked during their employment by Defendants, and acknowledge and agree that they will no longer have any entitlement to any past-due wages, overtime pay, bonuses, commissions, gratuities, spread of hours pay, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from Defendants.

2.    <u>Dismissal of Pending Action</u>. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs shall: (i) dismiss with prejudice, or cause to be dismissed with prejudice, the Action as against Defendants; (ii) not re-file the causes of action asserted in the Action against Defendants; and (iii) not institute any action against Defendants in any court or other forum for wage and hour claims that are released, as set forth in Section 5 of this Agreement. Plaintiffs and Defendants expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Action with prejudice in accordance with this Section (including the Stipulation of Dismissal annexed hereto as Exhibit A), approval of this settlement as fair and reasonable, and/or the effectuation of a release of wage and hour claims as specified herein.

3.    <u>Payment</u>. In consideration for Plaintiffs' execution of and compliance with this Agreement, including the release set forth in Section 5 of this Agreement, and the dismissal with prejudice of the Action by Plaintiffs as against Defendants, Defendants shall pay or caused to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the total sum of Forty Thousand Dollars and No Cents ($40,000.00) (at times, referred to as the "Settlement Amount"), payable as a lump-sum payment. Defendants shall deliver the Settlement Amount to Plaintiffs within fourteen (14) days of the date on which the Court issues an order approving this Agreement and dismissing the Action with prejudice against Defendants.

a.    Plaintiffs will receive two-thirds of the Settlement Amount and CSM Legal, P.C. will receive one-third of the Settlement Amount.

b.    Each Plaintiff will receive the following amount, which is based on their pro rata share of the total alleged damages in the within action:

| Plaintiff | Percentage Allocation to Each Plaintiff | Total Settlement Amount Allocated to Each Plaintiff |
|---|---|---|
| Alfredo Hernandez Ramirez | 50.46% | $13,456.00 |
| Lizbeth Huertas Ramirez | 49.54% | $13,210.67 |

c.      CSM Legal, P.C. will receive Thirteen Thousand Three Hundred and Thirty Three Dollars and Thirty Three Cents ($13,333.33) of the Settlement Amount for legal services rendered.

d.      Defendants shall remit the Settlement Amount to Plaintiffs' counsel by issuing the following three checks, in accordance with this section: 1) One check payable to Alfredo Hernandez Ramirez in the amount of $13,456.00; 2) one check payable to Lizbeth Huertas Ramirez in the amount of $13,210.67; and 3) one check payable to CSM Legal, P.C. in the amount of $13,333.33.  Defendants shall send the checks via hand-delivery, or by the United States Postal Service, United Parcel Service, or Federal Express, with a tracking number, addressed to CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165.

e.      Upon the Court's dismissal of this action against Defendants, the Court shall keep this action administratively open for a period of sixty (60) days to allow Defendants time to deliver the settlement payment to Plaintiffs. If Defendants fail to timely deliver the Settlement Amount to Plaintiffs pursuant to this Section 3, then Defendants will be in default of this Agreement.  In the event of a default, Defendants may cure the default by delivering the Settlement Amount to Plaintiffs within ten (10) days of their receipt of a written notice of default.   If Defendants fail to timely cure the default, then Plaintiffs may move the Court to reopen the Action as to Defendants within sixty (60) days after the Court: (i) enters an order approving the Agreement; and (ii) dismisses or approves of dismissing the action with prejudice, whichever occurs last.  Written notice of any default shall be delivered by Plaintiffs' counsel to Defendants' counsel, Allan W. Jennings, Esq., via e-mail at jenningslaws@gmail.com.  Such notice of default shall be deemed received upon electronic transmission.

4.      Tax Treatment.  No representations have been made to Plaintiffs by Defendants or their attorneys regarding the taxability of the payments referred to in Section 3.  Plaintiffs understand that they will be responsible for paying any and all taxes related to the payments they receive under this Agreement.  Similarly, no representations have been made to CSM Legal, P.C. by Defendants regarding the taxability of the settlement payments referred to in Section 3.  CSM Legal, P.C. understands that it will be responsible for paying its taxes related to the payment it receives under this Agreement.  The taxability of the settlement payments shall not affect the validity of this Agreement.  Plaintiffs agree to defend, indemnify, and hold harmless Defendants against any and all tax liabilities incurred by Defendants related to the Settlement Amount.

5.      Releases.  For and in consideration of the promises, payments, and actions of the Defendants set forth in this Agreement, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen

on, or prior to, the date this Agreement is executed by all parties, fully and forever release, relieve, waive, relinquish, and discharge Defendants from, and with respect to, any and all wage and hour and record-keeping actions, causes of action, suits, liabilities, claims, charges, rights, and demands whatsoever, to the maximum extent permitted by law, which have accrued from the beginning of time through the date that all parties execute this Agreement, in particular the claims raised in the Action under the Fair Labor Standards Act, the New York Labor Law, and the Hospitality Wage Order of the New York Commissioner of Labor.  Similarly, Defendants release, relieve, waive, relinquish, and discharge Plaintiffs from any and all wage and hour and record-keeping actions, causes of action, suits, liabilities, claims, charges, rights, and demands whatsoever relating specifically to the claims raised in the Action, that have accrued as of the date that all parties execute this Agreement.

      6.    <u>No Pending or Future Lawsuits</u>.  Plaintiffs represent that they have no lawsuits, claims, actions, or administrative proceedings pending in their name, or on behalf of any other person or entity, against Defendants, other than the Action.  Plaintiffs also represent that they will not bring any wage and hour claims that are released, either on their own behalf or on behalf of any other person or entity, against Defendants.  Defendants represent that they have no lawsuits, claims, actions, or administrative proceedings pending in their names, or on behalf of any other person or entity, against Plaintiffs.

      7.    <u>No Admission of Liability</u>.  Plaintiffs and Defendants understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by Plaintiffs and Defendants either previously or in connection with this Agreement shall be deemed or construed to be (a) an admission of the truth or falsity of any claims and defenses heretofore made or (b) an acknowledgment or admission by Plaintiffs or Defendants of any fault or liability whatsoever to the other or to any third party.

      8.    <u>Non-Disparagement</u>.  Plaintiffs agree that they shall not, in any manner, disparage Defendants in any forum or form, whether electronic or otherwise, including, without limitation, by making comments or statements to the press or any individual or entity which could adversely affect the conduct of Defendants' business or the reputation or interests of Defendants, as well as any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect Defendants' business or the reputation or interests of Defendants. Defendants similarly agree that they shall not, in any manner, disparage Plaintiffs in any forum or form, whether electronic or otherwise, including, without limitation, by providing negative employment references on behalf of Plaintiffs and by making comments or statements to the press or any individual or entity which could adversely affect the reputation or interests of Plaintiffs, as well as any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect the reputation or interests of Plaintiffs.

      Nothing in this Section shall limit the ability of any party to communicate truthfully regarding their experience during the Litigation, including with respect to the claims and defenses asserted in the Litigation.  Further, nothing in this Section shall restrict any party from responding to, or testifying pursuant to, any subpoena, court order, or other legal mandate from applicable regulatory authorities.

9.      <u>Modification of the Agreement</u>.  This Agreement may not be changed unless the changes are in writing and signed by Plaintiffs and Defendants.  Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

10.      <u>Notices</u>.  Notices required under this Agreement shall be in writing and shall be deemed given on electronic transmission thereof.  Notices hereunder shall be delivered to:

<u>Plaintiffs</u>:

William K. Oates, Esq.
CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel.: (212) 317-1200
Email: woates@csm-legal.com

<u>Defendants</u>:

Allan W. Jennings, Esq.
Law Office of Allan W. Jennings, Esq. P.C.
214-11 Northern Boulevard, 2nd Floor
Bayside, New York 11361
Tel.: (917) 692-9790
E-Mail: jenningslaws@gmail.com

11.      <u>Governing Law</u>.  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The United States District Court for the Southern District of New York shall retain jurisdiction over the interpretation, implementation, and enforcement of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation, and enforcement of this Agreement and of the settlement contemplated thereby.  In the event that this Court lacks or declines jurisdiction over any of such matters, then the Parties agree that either the Supreme Court of the State of New York, County of New York or the Civil Court of the City of New York, County of New York, depending upon the amount in controversy, shall have jurisdiction over such matters.

12.      <u>Enforceability</u>. If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set

forth herein is illegal, void, or unenforceable, Plaintiffs agree to promptly execute a release, waiver, and/or covenant that is legal and enforceable.

13.     Acknowledgments.   Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation, or promise in executing this Agreement except for statements, representations, or promises expressly set forth in this Agreement.   It is understood and agreed that the Settlement Amount and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, including the release effected thereby.   Plaintiffs and Defendants represent and warrant that the Settlement Amount is fair and reasonable.   Plaintiffs and Defendants represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their counsel.   Plaintiffs and Defendants acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.   Plaintiffs acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

14.     Headings.   The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

15.     No Other Representations or Agreements.   Plaintiffs and Defendants acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement.   There is no other agreement or understanding, written or oral, expressed or implied, among Plaintiffs and Defendants concerning the subject matter hereof, except this Agreement.   This Agreement constitutes and contains the entire agreement amongst Plaintiffs and Defendants, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

16.     Counterparts.   To signify their agreement to the terms of this Agreement and Release, Plaintiffs and Defendants have executed this Agreement on the date set forth opposite their signatures, which appear below.   This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon Plaintiffs and Defendants, notwithstanding that Plaintiffs and Defendants may not have executed the same counterpart.   This Agreement may also be executed electronically or by facsimile transmission.   This Agreement must be executed by all Parties.

17.     Successors and Assigns.   This Agreement shall be binding in all respects upon, and inure to the benefit of the respective successors and assigns of, Plaintiffs and Defendants, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that Plaintiffs and Defendants may not delegate or avoid any of their liabilities or obligations under this Agreement.

**IN WITNESS WHEREOF**, and intending to be bound, Plaintiffs and Defendants have executed this Agreement.

<u>**PLAINTIFFS**</u>**:**

By: _____          Date: ___6-6-2022_____
ALFREDO HERNANDEZ RAMIREZ

By: _____          Date: _____
LIZBETH HUERTAS RAMIREZ

<u>**DEFENDANTS**</u>**:**

By: _____          Date: _____
AA BC BAKERY CAFÉ CORP.
(D/B/A THE BREAD FACTORY CAFÉ)

By: _____          Date: _____
CHRISTINE PAE

By: _____          Date: _____
BOBBY P. PAE

By: _____          Date: _____
ALBERT PAE

**IN WITNESS WHEREOF**, and intending to be bound, Plaintiffs and Defendants have executed this Agreement.

**<u>PLAINTIFFS</u>:**

By: _____        Date: _____
     ALFREDO HERNANDEZ RAMIREZ

By: _____        Date: _____  6-7-2022
     LIZBETH HUERTAS RAMIREZ

**<u>DEFENDANTS</u>:**

By: _____        Date: _____
     AA BC BAKERY CAFÉ CORP.
     (D/B/A THE BREAD FACTORY CAFÉ)

By: _____        Date: _____
     CHRISTINE PAE

By: _____        Date: _____
     BOBBY P. PAE

By: _____        Date: _____
     ALBERT PAE

15.    No Other Representations or Agreements.    Plaintiffs and Defendants acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement.  There is no other agreement or understanding, written or oral, expressed or implied, among Plaintiffs and Defendants concerning the subject matter hereof, except this Agreement.  This Agreement constitutes and contains the entire agreement amongst Plaintiffs and Defendants, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

16.    Counterparts.  To signify their agreement to the terms of this Agreement and Release, Plaintiffs and Defendants have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon Plaintiffs and Defendants, notwithstanding that Plaintiffs and Defendants may not have executed the same counterpart.  This Agreement may also be executed electronically or by facsimile transmission.  This Agreement must be executed by all Parties.

17.    Successors and Assigns.  This Agreement shall be binding in all respects upon, and inure to the benefit of the respective successors and assigns of, Plaintiffs and Defendants, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that Plaintiffs and Defendants may not delegate or avoid any of their liabilities or obligations under this Agreement.

**IN WITNESS WHEREOF**, and intending to be bound, Plaintiffs and Defendants have executed this Agreement.

**PLAINTIFFS:**

By: _____          Date: _____
   ALFREDO HERNANDEZ RAMIREZ

By: _____          Date: _____
   LIZBETH HUERTAS RAMIREZ

**DEFENDANTS:**

By: _____          Date: 6/1/22
   AA BC BAKERY CAFÉ CORP.
   (D/B/A THE BREAD FACTORY CAFÉ)

By: _____   Date: 6/1/22
CHRISTINE PAE

By: _____   Date: 6/1/22
BOBBY P. PAE

By: _____   Date: 6/1/22
ALBERT PAE

New Jersey State.

Sehee Kim

on 6/2/2022

SEHEE KIM
NOTARY PUBLIC, STATE OF NEW JERSEY
COMMISSION #50170607
MY COMMISSION EXPIRES SEPTEMBER 13, 2026

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFREDO HERNANDEZ RAMIREZ and LIZBETH HUERTAS RAMIREZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br>AA BC BAKERY CAFÉ CORP. (D/B/A THE BREAD FACTORY CAFÉ), CHRISTINE PAE, BOBBY P. PAE, and ALBERT PAE,<br><br>*Defendants.* | Docket No.: 21-cv-00458 (AT)<br>**STIPULATION OF DISMISSAL**<br>                    **WITH PREJUDICE** |

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALFREDO HERNANDEZ RAMIREZ and LIZBETH HUERTAS RAMIREZ, *individually and on behalf of others similarly situated,* | Docket No.: 21-cv-00458 (AT) |
| | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| *Plaintiffs,* | |
| -against- | |
| AA BC BAKERY CAFÉ CORP.  (D/B/A THE BREAD FACTORY CAFÉ), CHRISTINE PAE, BOBBY P. PAE, and ALBERT PAE, | |
| *Defendants.* | |

       **WHEREAS,** Plaintiffs, Alfredo Hernandez Ramirez and Lizbeth Huertas Ramirez ("Plaintiffs"), filed a Complaint asserting claims for, *inter alia*, the failure to pay minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and applicable regulations; and

       **WHEREAS,** Plaintiffs and Defendants, AA BC Bakery Café Corp. (d/b/a The Bread Factory Café), Christine Pae, Bobby P. Pae, and Albert Pae ("Defendants") (collectively with Plaintiffs, the "Parties"), reached a settlement of this action and Plaintiffs' claims through arms-length negotiations, and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the Parties' settlement; and

       **WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over provisions of the FLSA, the NYLL, and applicable regulations; and

       **WHEREAS**, the dismissal of this action is subject to a motion by Plaintiffs to reopen this action within 60 days after the Court (i) enters an order approving the Agreement and (ii) dismisses or approves of dismissing the action with prejudice, whichever occurs last, should Defendants fail to timely pay Plaintiffs and Plaintiffs' counsel all monies owed under the Agreement;

       **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER STIPULATED AND AGREED**. that, upon the Court's dismissal of this action against Defendants, the Court shall keep this action administratively open for a period of sixty (60) days to allow Defendants time to deliver the settlement payments to Plaintiffs.

**IT IS FURTHER STIPULATED AND AGREED** that, notwithstanding the dismissal of this action, Plaintiffs shall maintain the right to move the Court to reopen this action within sixty (60) days after the Court: (1) enters an order approving the Agreement and (ii) dismisses or approves of dismissing the action with prejudice, whichever occurs last, should Defendants fail to timely pay Plaintiffs and Plaintiffs' counsel all monies owed under the Agreement.

**IT IS FURTHER STIPULATED AND AGREED**, that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

CSM LEGAL, P.C.                           LAW OFFICE OF ALLAN W. JENNINGS, ESQ. P.C

By:                                       By:
_____          _____
William K. Oates, Esq.                    Allan W. Jennings, Esq.
60 East 42nd Street, Suite, 4510     214-11 Northern Boulevard, 2nd Floor
New York, New York 10165                  Bayside, New York 11361
(212) 317-1200                            (917) 692-9790
woates@csm-legal.com                      jenningslaws@gmail.com
*Attorneys for Plaintiffs*                *Attorneys for Defendants*

SO ORDERED:

_____
HON. ANALISA TORRES, U.S.D.J.