UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/5/2022_

ALFREDO HERNANDEZ RAMIREZ and
LIZABETH HUERTAS RAMIREZ,

                Plaintiffs,

-against-

AA BC BAKERY CAFE CORP. (D/B/A THE
BREAD FACTORY CAFÉ), CHRISTINE PAE,
BOBBY P. PAE, and ALBERT PAE,

                Defendants.

21 Civ. 458 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

      Plaintiffs Alfredo Hernandez Ramirez and Lizabeth Huertas Ramirez bring this action against Defendants AA BC Bakery Café Corp., Christine Pae, Bobby P. Pae, and Albert Pae, raising claims for, *inter alia*, minimum wage violations and unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and parallel claims, as well as wage notice and wage statement violations, under the New York Labor Law ("NYLL") § 190 *et seq. See generally* Second Am. Compl., ECF No. 38. On May 24, 2022, the Court issued an order (the "Order") denying the parties' request for approval of a proposed settlement. Order, ECF No. 67. The parties now submit a revised settlement (the "Revised Settlement") for the Court's approval. Revised Settlement, ECF No. 69. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

    I.    <u>Legal Standard</u>

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary

for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–08 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks*, 796 F.3d at 206 (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F.

Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336–37). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II. Analysis

The Court previously concluded that the prior settlement's terms satisfied each of the *Wolinsky* factors. *See* Order at 3–4. For substantially the same reasons set forth therein, the Court finds that the Revised Settlement satisfies each of the *Wolinsky* factors, given that the two agreements' terms are largely identical. *Compare* Settlement, ECF No. 66-1, *with* Revised Settlement.

The Court previously denied approval of the prior settlement because it contained a liability release clause that the Court concluded was overly broad in three aspects—(1) it released only Defendants; (2) it bound numerous entities beyond Plaintiffs, but simultaneously released from liability an impermissibly large number of entities beyond Defendants; and (3) it was not limited to claims asserted based on the facts in this action. *See* Order at 4. The release clause in the Revised Settlement, by contrast, mutually releases both Plaintiffs and Defendants from liability; no longer applies to parties beyond Plaintiffs and Defendants; and only provides relief from liability for "wage and hour and record-keeping" actions based on "conduct that has arisen on, or prior" to the date the Revised Settlement was signed, "in particular the claims raised in" this action. Revised Settlement § 5; *see Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*,

No. 13 Civ. 5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving mutual releases of claims in FLSA settlement).  The limited scope of the revised clause ensures Defendants are only released from liability for claims that were, or could have been raised in this action, and does not confer an unearned benefit on parties outside this action.  *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (noting that FLSA settlements may contain release clauses that "waive[] claims relating to the existing suit in exchange for a settlement payment").  The Court finds, therefore, that the revised release clause is fair and reasonable, and shall, approve the Revised Settlement.

Turning to attorney's fees, Plaintiffs' counsel requests $13,333.33, or approximately one-third of the total settlement amount of $40,000.  Letter at 3, ECF No. 66; Revised Settlement § 3(a).  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted).  "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."  *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).  As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiffs' counsel, CSM Legal, has submitted contemporaneous billing records that document their work on this matter.  *See* ECF No. 66-3.  CSM Legal has billed approximately 38.6 hours of work on this matter, at a claimed hourly rate of $450 for attorney Michael Faillace,

4

and $400 for attorney William Oates. *See id.*; Letter at 3–4. Other courts have found these rates to be reasonable, based on these attorneys' years of experience and Faillace's position as the former managing partner of the firm. *See, e.g.*, *Hernandez v. El Azteca y El Guanaco Rest. Corp.*, 20 Civ. 10316, 2021 WL 5847648, at *2–3 (S.D.N.Y. Dec. 9, 2021). Faillace spent approximately 3.3 hours on this matter, at a $450 hourly rate, resulting in a lodestar of $1,485, and Oates performed the remaining 35.3 hours of work at a $400 hourly rate, for a lodestar of $14,120. This results in a total lodestar amount of $15,605. Compared to the requested $13,333.33, this results in a lodestar multiplier of 1.2. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.2, and determines $13,333.33 in attorney's fees to be reasonable under the circumstances.

## CONCLUSION

For the foregoing reasons, the parties' request for approval of the Settlement is GRANTED. The Clerk of Court is directed to terminate all pending motions and to close the case.

SO ORDERED.

Dated: July 5, 2022
       New York, New York

                                      ANALISA TORRES
                                      United States District Judge